UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER S. CANIGLIA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | Case No. SACV 15-01042-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On June 29, 2015, Christopher S. Caniglia ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on October 20, 2015. On April 25, 2016, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 42-year-old male who applied for Social Security Disability Insurance benefits on May 3, 2012, alleging disability beginning November 27, 2008. (AR 24.) The ALJ determined that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of November 27, 2008 through his date last insured of December 31, 2011. (AR 26.)

Plaintiff's claim was denied initially on August 24, 2012, and on reconsideration on February 25, 2013. (AR 24.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Joseph P. Lisiecki III on December 3, 2013, in Orange, California. (AR 24.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 24.) Vocational expert ("VE") Alan L. Ey also appeared and testified at the hearing. (AR 24.)

The ALJ issued an unfavorable decision on December 20, 2013. (AR 24-30.) The Appeals Council denied review on May 1, 2015. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as a ground for reversal and remand:

1. Whether the ALJ properly considered Christopher Caniglia's testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of November 27, 2008, through his date last insured of December 31, 2011. (AR 26.)

At step two, the ALJ determined that, through the date last insured, Plaintiff had the following medically determinable severe impairments: seborrheic dermatitis/skin disorder with lesions; and genital herpes. (AR 26-27.)

At step three, the ALJ determined that through the date last insured Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (AR 27.)

The ALJ then found that Plaintiff, through the date last insured, had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following limitations:

> Claimant can lift and carry 20 pounds occasionally and 10 pounds frequently; stand, walk, and sit 6 hours in an 8 hour day; with occasional postural limitations but no climbing ladders, ropes, or scaffolds; and avoid concentrated exposure to cold.

(AR 27-29.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 28.)

At step four, the ALJ found that Plaintiff, through the date last insured, was able to perform his past relevant work as a security guard. (AR 29.)

Consequently, the ALJ found that Claimant was not disabled at any time from November 27, 2008, the alleged onset date, through December 31, 2011, the date last insured. (AR 29-30.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ properly discounted the credibility of Plaintiff's subjective symptom testimony. The ALJ's RFC is supported by substantial evidence.

**A.      Relevant Federal Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be

expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.    Analysis**

Plaintiff alleges disability due to herpes zoster and herpes pain, which flares up on a weekly basis. (AR 27, 28.) The ALJ found Plaintiff had the medically determinable severe impairments of seborrheic dermatitis/skin lesions and genital herpes.

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause some of the alleged symptoms. (AR 28.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms were "not entirely credible." (AR 28.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ found that the longitudinal medical history is not consistent with Plaintiff's alleged disability. (AR 28.) An ALJ may consider whether there is a lack of medical evidence

to corroborate a claimant's symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). The ALJ found that Plaintiff's self-diagnosis of post-herpetic neuralgia was not supported by any medical records. (AR 26.) In February 2012, Dr. Charles Sexton, a consulting physician, opined that Plaintiff's rash was seborrheic dermatitis and only prescribed a topical cream. (AR 26, 28.) Another physician advised Claimant "not to do any additional treatment." (AR 28.) An ALJ may consider conservative treatment in weighing credibility. Tommasetti, 533 F.3d at 1039; Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (doctor's prescription of only conservative treatment suggests lower level of both pain and functional limitation). The medical treatment notes from several physicians do not reflect frequent herpes flare-ups nor severity of pain. (AR 29.) Plaintiff claims skin breakouts that interfere with the motion of his joints but refused daily prophylactic dosing and was only interested in medications in case of herpes outbreaks. (AR 29.) Tommasetti, 533 F.3d at 1035 (ALJ may consider unexplained or inadequately explained failure to follow prescribed course of treatment). The ALJ concluded that Claimant's self-diagnosis of herpetic neuralgia was not medically determinable. (AR 26.) The ALJ also concluded that Plaintiff's neck and back pain allegations were not determinable or within the relevant period before the date last insured of December 31, 2011. (AR 27.) No physician opined that Plaintiff was disabled. Plaintiff does not address the medical evidence cited above and discussed by the ALJ.

Second, there was a lack of treatment. (AR 29, 28.) An ALJ may consider lack of treatment in his credibility determination. Burch, 400 F.3d at 681. Here, despite an alleged onset date of November 27, 2008, the earliest date of treatment was January 6, 2010. (AR 28, 29.) The ALJ concluded that Plaintiff quit work in 2008 because he was laid off, not because of his alleged medical conditions. (AR 29, 140.) Drouin v. Sullivan, 966 F.2d 1255, 1256 (9th Cir. 1992) (pain testimony properly rejected because claimant was laid off work for reasons unrelated to her pain). There also was another gap in treatment of more than a year between 2012 and 2013. (AR 28.) Plaintiff does not address these gaps in treatment or offer any explanation for those gaps.

Third, the ALJ found that Plaintiff's daily activities were inconsistent with disabling limitations, which is a legitimate consideration in evaluating credibility. Bunnell, 947 F.2d at 345-46. Specifically, Plaintiff admitted he can walk, study, socialize, swim, and enjoys "hiking and exercising a lot." (AR 29, 28.) Plaintiff contends these activities do not prove he can work, but they do suggest Plaintiff has greater functional abilities than alleged. Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

Plaintiff disputes the ALJ's adverse credibility finding, but it is the ALJ who has the responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record evidence is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ discounted the credibility of Plaintiff's subjective symptom testimony for clear and convincing reasons supported by substantial evidence. The ALJ's light work RFC is supported by substantial evidence.

The ALJ's nondisability decision is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: June 1, 2016

               */s/ John E. McDermott*
               JOHN E. MCDERMOTT
            UNITED STATES MAGISTRATE JUDGE